UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GARY W. STOCKING,<br>          Plaintiff,<br><br>     v.<br><br>COMMISSIONER JAMES DZURENDA<br>AND/OR SCOTT SEMPLE,<br>          Defendants. | :<br>:<br>:<br>:         CASE NO. 3:14-cv-01758 (MPS)<br>:<br>:<br>:<br>: |

_____

## RULING AND ORDER

The plaintiff, Gary W. Stocking, is currently incarcerated at Osborn Correctional Institution in Somers, Connecticut ("Osborn"). He commenced this action by filing a complaint *pro se* under 42 U.S.C. § 1983 against James Dzurenda and Scott Semple, the former and current Commissioners of the Connecticut Department of Correction, respectively.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to construe liberally a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the

complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff claims that on December 20, 2012, prison officials at Hartford Correctional Center ("HCC") forgot to return his prisoner identification card after he returned from court that day. On December 23, 2012, prison officials at HCC denied his request to attend religious services because he did not have his prisoner identification card.

The plaintiff claims that bible study classes were offered on Thursdays at HCC from May 7, 2013, to July 11, 2013. He states that he made correctional officers aware that he wanted to attend bible study classes, but they never called him to attend the classes.

On August 17, 2014, he informed two correctional officers at HCC that he wanted to attend religious services that night. Prison officials did not permit the plaintiff to attend services that night because there was no space left in the room in which the services were held.

The plaintiff claims that he was denied his First Amendment right to attend religious services on the occasions set forth above. He seeks monetary damages.

To the extent that the plaintiff seeks monetary damages from the defendants in their official capacities, those claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985) (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity). All claims for monetary damages against the defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

As indicated above, the only named defendants are James Dzurenda, the former Commissioner, and Scott Semple, the current Commissioner. They are both supervisory

officials. As such, they cannot be held liable in their individual capacities under Section 1983 solely for the acts of their subordinates. *See Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).

The plaintiff may show supervisory liability by demonstrating one or more of the following: (1) the defendant actually and directly participated in the alleged unconstitutional acts; (2) the defendant failed to remedy a wrong after being informed of the wrong through a report or appeal; (3) the defendant created or approved a policy or custom that sanctioned objectionable conduct which rose to the level of a constitutional violation or allowed such a policy or custom to continue; (4) the defendant was grossly negligent in supervising the correctional officers who committed the constitutional violation; and (5) the defendant failed to take action in response to information regarding the occurrence of unconstitutional conduct. *See Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995) (citation omitted). In addition, the plaintiff must demonstrate an affirmative causal link between the inaction of the supervisory official and his injury. *See Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002).[1]

Although an inmate has a First Amendment right to exercise freely his or her chosen religion, subject to restrictions based on valid penological objectives such as institutional safety and security, *see O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987); *Cruz v. Beto*, 405 U.S. 319, 322 (1972) (per curiam), the plaintiff has failed to allege that either defendant did anything to violate that right. The plaintiff has not pled facts suggesting that the defendants, the former

---

[1] In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court found that a supervisor can be held liable only "through the official's own individual actions." *Id.* at 676. This decision arguably casts doubt on the continued viability of some of the *Colon* categories of supervisory liability. The Second Circuit, however, has not revisited the criteria for supervisory liability following *Iqbal*. *See Grullon v. City of New Haven*, 720 F.3d 133 (2d Cir. 2013). Because it is unclear as to whether *Iqbal* overrules or limits *Colon*, the Court will continue to apply the categories of supervisory liability set forth in *Colon*.

and current Commissioners, respectively, did anything that would fall within any of the *Colon* categories of supervisory liability. Other than describing the defendants as Commissioners of the State of Connecticut Department of Correction, the plaintiff does not otherwise mention them in the body of the complaint. He does not allege that they were involved in or became aware of the few times that he was not permitted to attend a religious service or bible study class. Accordingly, the claims against defendants Dzurenda and Semple are dismissed on the ground of lack of personal involvement. *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff makes reference to correctional officers and officials who were allegedly involved in the denial of access to religious services and classes. He has not, however, named those individuals as defendants. In addition, the plaintiff attaches copies of grievances that he allegedly filed regarding the denial of access to services, but attaches no copies of any grievance appeals that he might have filed.

Because the plaintiff is *pro se*, the court will give him an opportunity to file an amended complaint in which he alleges specifically how any individual defendant was involved in the denial of access to services or classes, how the denial of access violated his rights, and the steps he took to fully exhaust his denial-of-access claims.

## ORDERS

The court enters the following orders:

(1)     The claims against defendants Dzurenda and Semple in their individual capacities are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) and the claims against defendants Dzurenda and Semple in their official capacities for monetary damages are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2). If the plaintiff chooses to appeal this

decision, he may not do so *in forma pauperis*, because such an appeal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

(2) If the plaintiff chooses to file an amended complaint, he must do so within thirty days of the date of this order. If the plaintiff chooses not to file an amended complaint, the Clerk is directed to enter judgment for defendants Dzurenda and Semple and close this case.

**SO ORDERED** this 7th day of July 2015 at Hartford, Connecticut.

/s/
Michael P. Shea
United States District Judge